## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**ROBERT ALFRED SPENCER, #1126071**

**Petitioner,**

**v.**                                                                  **2:11CV421**

**HAROLD W. CLARKE,**
**Director of Virginia Department of Corrections,**

**Respondent.**

## MEMORANDUM OPINION AND FINAL ORDER

This matter was initiated by petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254. The parties have consented to proceed before a United States Magistrate Judge.

(ECF No. 8). Accordingly, by order filed on September 1, 2011, this action was referred to the

undersigned in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil

Procedure, to conduct any and all further proceedings in this action. (ECF No. 9). Presently

before the Court is respondent's Motion to Dismiss. For the reasons stated below, respondent's

motion is GRANTED, and the petition is DISMISSED.

### I. STATEMENT OF THE CASE

On August 27, 2009, following a jury trial, the Circuit Court for the City of Williamsburg

and James City County entered a judgment convicting Robert Alfred Spencer ("Petitioner" or

"Spencer") of grand larceny and sentenced him to five years imprisonment. (Sentencing Order,

Case No. 17677-00).  Spencer appealed to the Court of Appeals of Virginia challenging the

sufficiency of the evidence. (Resp.'s Ex. A, ECF No. 6-1).  The court denied his appeal pursuant

to Va. Sup. Ct. R. 5A:18, finding that because Spencer did not move to strike at the conclusion

of the evidence, or move to set aside the verdict, he did not preserve his right to challenge the

sufficiency of the evidence on appeal.  Id.

Spencer appealed to the Supreme Court of Virginia challenging: 1) the sufficiency of the

evidence corroborating the petitioner's statement involving the theft of a black purse; and 2) the

sufficiency of the evidence to establishing the value of the subject merchandise to sustain a

felony. (Resp.'s Ex. B, ECF No. 6-2).  Spencer's appellate counsel acknowledged that trial

counsel failed to move to strike the evidence or set aside the verdict, but argued that the Supreme

Court of Virginia should find that a miscarriage of justice has occurred and should allow the

appeal.  Id. at 16.  The Supreme Court of Virginia, however, refused Spencer's petition for

appeal.  (Resp.'s Ex. D, ECF No. 6-4).

On January 7, 2011, Spencer filed a state habeas petition arguing that: 1) his trial counsel

was ineffective for not preserving his right to appeal the sufficiency of the evidence; and 2) his

appellate counsel was ineffective for arguing his claims "without demonstrating with merit that

Petitioner was subjected to a miscarriage of Justice." (Resp.'s Ex. E, ECF No 6-5 at 6-8).  On

June 3, 2011, the Supreme Court of Virginia issued an opinion dismissing Spencer's petition,

finding his allegations failed to satisfy the two-part test enunciated in Strickland v. Washington,

466 U.S. 668, 687 (1984).  (Spencer v. Dir. of the Dept. of Corrections, Record No. 110049 (Va.

June, 3, 2011); Resp.'s Ex. F, ECF No. 6-6).

2

On July 28, 2011, Spencer, proceeding pro se, filed this federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. In his petition, Spencer asserts the same grounds for relief raised in his state habeas petition—that he "…was denied effective assistance of counsel because (a) [t]rial counsel failed to properly preserve the record at the conclusion of the trial, and (b) [a]ppellant counsel failed to argue good cause or ends of justice to invoke exceptions." (Pet., ECF No. 1 at 17).  On August 31, 2011 Respondent filed its Rule 5 Answer and Motion to Dismiss, along with a brief in support. (ECF Nos. 5, 6). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), the Petitioner was advised of his right to file opposing affidavits, statements, exhibits and legal memoranda, as well as the possible consequences of failing to oppose the Respondent's filing. (ECF No. 7). Petitioner replied on September 19, 2011. (ECF No. 10). Accordingly, Respondent's Motion to Dismiss is ripe for judicial review.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Habeas petitions filed pursuant to 28 U.S.C.§ 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner

3

must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911

(4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). Respondent concedes, and

the Court agrees, that for purposes of federal review, Spencer's claims have been exhausted.

(Resp.'s Mot. to Dismiss, ECF No. 6 at 2).

Once a petitioner's state remedies have been exhausted, a federal court still may not grant

relief on any claim adjudicated on the merits by the state court, unless that adjudication "resulted

in a decision that was contrary to, or involved an unreasonable application of, clearly established

federal law" or "resulted in a decision that was based on an unreasonable determination of the

facts." 28 U.S.C. §§ 2254(d)(1)-(2). A state court's decision is contrary to clearly established

federal law if the court arises at a conclusion opposite to that reached by the Supreme Court on a

question of law, or decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court

unreasonably applies clearly established law if it identifies the correct legal principle, but

unreasonably applies it to the facts of the case. Id. at 413. Factual determinations made by a

state court are "presumed to be correct," and a habeas petitioner has the burden of rebutting that

presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see Hill

v. Ozmint, 339 F.3d 187, 194 (4th Cir. 2003).

In his petition, Spencer contends that he was denied his right to effective assistance of

counsel and, consequently, his right to a fair trial under the Sixth Amendment. Specifically,

Spencer argues that his constitutional right to counsel was violated when (a) his trial counsel

failed to properly preserve a sufficiency of the evidence challenge at the conclusion of the trial,

4

and (b) his appellate counsel failed to argue good cause or ends of justice to invoke an exception to permit the appellate court to review his sufficiency challenge. (Pet., ECF No. 1 at 17). In reviewing an ineffective assistance of counsel claim, the relevant inquiry is whether "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict suspect." Kimmelman v. Morrison, 477 U.S. 365, 374 (1986). However, this presumption is not easily overcome, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 687.

In order for Spencer to succeed on his ineffectiveness claims, he must satisfy both the "performance" and the "prejudice" prongs of the two-part test set forth in Strickland v. Washington, 466 U.S. at 687.[1] To satisfy the "performance" prong of the test, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. To satisfy the "prejudice" prong of the test, petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.[2]

Spencer first asserts that his trial counsel was ineffective for failing to preserve the sufficiency of the evidence issue for appeal. Specifically, Spencer argues that the evidence was

---

[1] As both prongs of the test are "separate and distinct elements" of an ineffective assistance claim, Spencer must satisfy both requirements of the test to prevail on the merits. Spencer v. Murray, 18 F.3d 229, 232-33 (4th Circ. 1994); see Strickland, 466 U.S. at 697.

[2] The Supreme Court went on to define a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005).

insufficient to corroborate his confession and to establish the value of the merchandise he stole. (Pet., ECF No. 1 at 17). Spencer does not detail his argument regarding the corroboration of his confession, and instead focuses on the value of the merchandise. Spencer alleges that simply asking the store manager the value of the items was not sufficient to establish the value of the stolen handbags. (Pet., ECF No. 1 at 17-23; Reply, ECF No. 10 at 4-8). He asserts that had trial counsel preserved this alleged error, he would have succeeded in proving on appeal that he was, at most, guilty of petit larceny, not grand larceny. Id. Spencer argues that this "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687. The Supreme Court of Virginia considered this claim on the merits and found that it failed to meet the "prejudice" prong of the Strickland test:

> The record, including the trial transcript, demonstrates that the evidence was sufficient to support petitioner's conviction for grand larceny. The store manager testified that the two stolen bags were valued at $369 and $519. She identified petitioner as a man she saw in the store looking at the bags just before she discovered the bags were missing, and she identified petitioner as the man seen taking the bags on the security footage. The jury had the opportunity to view the surveillance tape from the store and compare that person with petitioner in the courtroom. Additionally, Investigator Karen Shuler testified that petitioner admitted to stealing one of the bags. Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

(Spencer v. Dir. of the Dept. of Corrections, Record No. 110049 (Va. June, 3, 2011). In its opinion, the Court held that his claim failed to satisfy the "prejudice" prong of the Strickland test because the evidence was sufficient to support Spencer's conviction for grand larceny. Id. Thus, Spencer's first claim of ineffective assistance of counsel failed.

Pursuant to § 2254, it is the duty of this Court to determine whether the Supreme Court of

6

Virginia's decision on this point was either contrary to or an unreasonable application of federal law, or if its decision was based upon an unreasonable finding of facts. 28 U.S.C. §§ 2254(d)(1)-(2). Regarding the first determination, the United States Supreme Court has created a standard by which to measure reasonableness: "[w]here, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

There is no evidence that the Supreme Court's determination of the facts was unreasonable. The jury was presented with an eyewitness identification and a surveillance tape, which is sufficient to establish corroboration of Spencer's confession.[3] The Supreme Court's finding that the testimony of the store manager, who opened the store and checked the displayed merchandise to see that it was properly placed, was sufficient to establish the value of the items is likewise not unreasonable. (Trial Tr., p. 43-44, 47) Accordingly, the Supreme Court of Virginia's application of federal Sixth Amendment law to Spencer's habeas petition was not "objectively unreasonable," nor its finding of facts suspect, thus, this claim must be dismissed.

Spencer next contends that his appellate counsel was ineffective for failing to argue that the court should apply the ends of justice exception enunciated in Va. Sup. Ct. R. 5A:18 based on the alleged insufficiency of evidence.[4] The Virginia Courts have held that the ends of justice

---

[3] "Although the Commonwealth may not establish an essential element of a crime by the uncorroborated confession of the accused alone, 'only slight corroborative evidence' is necessary to show the veracity of the confession. Winston v. Commonwealth, 604 S.E.2d 21, 48-49 (Va. 2004) (quoting Williams v. Commonwealth, 360 S.E.2d 361, 366 (Va. 1987))

[4] Va. Sup. Ct. R. 5A:18 states:

> No ruling of the trial court ... will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review.

exception is narrow and should be used sparingly. Michaels v. Commonwealth, 529 S.E.2d 822,

826 (Va. 2000). "The record 'must affirmatively show that a miscarriage of justice has occurred,

not that a miscarriage might have occurred.' " Akers v. Commonwealth, 525 S.E.2d 13, 16 n. 2

(Va. 2000) (quoting Redman v. Commonwealth, 487 S.E.2d 269, 272 (1997)). Spencer argues

that since the evidence was insufficient to support his conviction, his appellate counsel was

ineffective for failing to present an ends of justice argument to the Virginia Court of Appeals.

However, the Supreme Court of Virginia held that Spencer again failed to satisfy the Strickland

test:

> The record, including the trial transcript, demonstrates that that the evidence was
> sufficient to support petitioner's conviction for grand larceny. The store manager
> testified that the two stolen bags were valued at $369 and $519. She identified
> petitioner as a man she saw in the store looking at the bags just before she
> discovered the bags were missing, and she identified petitioner as the man seen
> taking the bags on the security footage. The jury had the opportunity to view the
> surveillance tape from the store and compare that person with petitioner in the
> courtroom.   Additionally, Investigator Karen Shuler testified that petitioner
> admitted to stealing one of the bags. Petitioner fails to demonstrate on what
> grounds counsel reasonably could have argued the ends of justice. Petitioner has
> failed to demonstrate that counsel's performance was deficient or that there is a
> reasonable probability that, but for counsel's alleged errors, the result of the
> proceeding would have been different.

Spencer, No. 110049, at 2-3. In so ruling, the Supreme Court of Virginia determined that because

the evidence was sufficient to sustain a conviction, Spencer's appellate counsel did not err in not

pursuing an ends of justice argument regarding the sufficiency of evidence, nor would it have

made a difference had he pursued such an argument. Id. Therefore, Spencer's claim failed both

prongs of the two-part Stickland test.

As Spencer makes a nearly identical claim here, this Court must determine only whether

the Supreme Court of Virginia's holding satisfies 28 U.S.C. § 2254(d)(1)-(2). When the state court's application of federal law has been challenged, the petitioner must prove that the application was "objectively unreasonable," Yarborough, 540 U.S. at 5, or that the conclusion was opposite to what the Supreme Court decided on similar facts, Williams, 529 U.S. at 413. Evidence in Spencer's trial included the testimony of the store manager, his confession, and surveillance tape. He has failed to show that the Supreme Court of Virginia's decision was contrary to precedent or unreasonable, or that its decision was based on a faulty determination of the facts. The Court's own review of the trial record indicates it was not. Thus, Spencer's second claim of ineffective assistance of counsel must also be dismissed.

### III. CONCLUSION

For these reasons, Respondent's Motion to Dismiss is GRANTED.

Petitioner is ADVISED that he may appeal from the judgment entered pursuant to this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, U.S. Courthouse, 600 Granby Street, Norfolk, Virginia, 23510. Written notice must be received by the Clerk within thirty (30) days from the date of this Dismissal Order. For the reasons stated above, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.

The Clerk is DIRECTED to mail a copy of this Order to all counsel of record.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
November 28, 2011

9

## Clerk's Mailing Certificate

A copy of the foregoing Order was mailed this date to each of the following:

      Robert Alfred Spencer, #1126071
      Deerfield Correctional Center
      21360 Deerfield Drive
      Capron, VA  23829

      Eugene Paul Murphy
      Office of the Attorney General
      900 E. Main Street
      Richmond, VA 23219

Fernando Galindo, Clerk

By _____,
                 Deputy Clerk

_____, 2011

10